[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by a complaint filed by the plaintiff husband on May 19, 1997 seeking a dissolution of his marriage to the defendant wife on the ground of irretrievable breakdown. On May 22, 1997, the defendant appeared and filed her answer to the complaint along with a Cross Complaint in which she seeks a dissolution of the marriage on the ground of irretrievable breakdown. In addition, the defendant asks for alimony, counsel fees, an equitable distribution of marital assets, and sole interest in the marital residence. The plaintiff filed a withdrawal of his complaint on or about January 5, 1998.
Some of the pretrial proceedings in this case deserve mention. On April 4, 1998, the court (Zarella, J.), upon motion of the defendant, ordered the plaintiff to comply with the defendant's discovery requests. The court also ordered the plaintiff to file a financial affidavit by May 7, 1998. On June 2, 1998, the plaintiff's attorney filed a Motion to Withdraw on the ground that the plaintiff failed to provide the information necessary to comply with the discovery orders of the court. The Motion to Withdraw was renewed by counsel, for the same reasons, on November 16, 1998. The motion was denied (Zarella, J.) on November 30, 1998. The plaintiff has never submitted a financial affidavit as ordered by the court, nor has he provided discovery CT Page 15161 material to the defendant.
On December 9, 1998, the day before the scheduled trial on the Cross Complaint, counsel for the plaintiff filed a motion seeking a three-month delay of the trial claiming that the plaintiff, who lives in Mexico, has not been able to actively participate in the divorce action because of "personal and business related issues." In his motion, the plaintiff claims that he now wishes to actively participate in the proceedings but will need a three-month continuance to do so. That motion was denied by the court (Zarella, J.) on December 9, 1998. The motion was renewed before the trial court on December 10, 1998, the day of trial. The motion was once again denied as no legitimate reason for a delay of trial was offered. It should also be noted that counsel for the plaintiff stated to the court that he has been in contact with Mr. Gutierrez by telephone and has followed the instructions of Mr. Gutierrez regarding proposed orders submitted to the court.
The trial on the defendant's Cross Complaint was held on December 10 and 11, 1998. The defendant wife and her attorney were present, as was the attorney for the plaintiff. However, the plaintiff husband, who remained in Mexico, did not appear for the hearing and no explanation was offered for his absence. Testimony was received from the defendant wife and a real estate appraiser. In addition, numerous documents, including a deposition of the husband, were introduced into evidence. From the pleadings and the evidence presented, the court finds the following relevant facts to have been proven.
The plaintiff and the defendant, whose maiden name was Maryann Markiewicz, were intermarried on April 10, 1976 in West Hartford, Connecticut. One child, Edward, was born of this marriage on July 17, 1978. There are no minor children who are issue of the marriage, and no state or public agency has contributed to the support of either party. The defendant resided continuously within the State of Connecticut for more than one full year prior to the date of the Cross Complaint. Both parties have been represented by counsel throughout the pendency of this action. The court finds that it has jurisdiction over both the marriage and the parties.
The defendant wife, whose date of birth is January 16, 1945, is 53 years of age and in good health. At the time of the marriage in 1976 she was employed as a school teacher. She has CT Page 15162 maintained employment in that profession throughout the marriage and was employed as a teacher with the East Hartford school system as of the date of the trial. In addition to maintaining full time employment throughout most of the marriage, the wife assisted her husband in the operation and management of his several businesses until their separation.
The husband, whose date of birth is April 4, 1941, is 57 years of age and is reported to be in good health. He currently resides in Mexico where he owns and operates a business known as TecTron de Mexico. This company, which employs more than 100 people, makes and sells security systems, specifically security doors. The plaintiff has a 50% ownership interest and the defendant has a 46% ownership interest in TecTron de Mexico . The remaining 4% of the company is controlled by a business partner/employee of Mr. Gutierrez. (Deposition/Exhibit A)
There is no assessment of fault in the demise of this 22-year marriage, although the plaintiff's decision to move to Mexico, and the wife's decision to remain in Connecticut, are certainly contributing factors. The plaintiff has been hard working and enterprising in the establishment and operation of his businesses throughout the marriage. When the parties were first married, the defendant was employed as a television repair technician. Thereafter he engaged in several business ventures with the use of family savings, loans from family members, and a mortgage loan on the marital home. In 1977 he started his own television repair business. In 1986 he bought and operated a restaurant. In 1987 the plaintiff sold the restaurant and, with a partner, began a computer business. Thereafter, he started another business in Columbia, South America followed by an Amway distributorship in Mexico followed by his current business enterprise in Mexico.
The plaintiff has been in working and residing in Mexico since about 1992. He asked the defendant to move to Mexico with him but she refused. She stated that her family ties and her employment were in Connecticut and that if she left she would jeopardize her retirement. For a while the husband would return to Connecticut every four to six weeks for one to two week visits; however, as time went on the intervals between visits increased. The defendant remained living and working in Connecticut throughout that time. She visited her husband in Mexico on only two occasions. In November 1996 the husband informed his wife of 20 years that while he still had feelings for her he had met someone else and wanted to be free. He CT Page 15163 subsequently filed for divorce.
The parties jointly own a home located at 40 Briarwood Drive, Manchester, Connecticut. This property has an assessed value of $148,000. (Exhibit H) At some point early in the marriage this residence was fully paid and unencumbered by a mortgage. However, the parties mortgaged the property in order to permit Mr. Gutierrez to start a business. The resulting loan was the seed money for subsequent businesses, including the business the plaintiff now owns and operates. The current balance on the mortgage is about $74,000 which the wife believes is at a 9% annual interest rate. The monthly mortgage payment is $1,740.00. Refinancing the existing residential mortgage would significantly reduce the monthly payments.
The parties also jointly own a commercial building located at 419 Main Street, Manchester, Connecticut with an assessed value of $163,000. (Exhibit I) This property is encumbered by mortgage loans totaling approximately $102,000. According to the wife, the monthly mortgage payments for this property total approximately $2098 per month. Apparently, these loans are also at a 9% rate of interest.
The defendant testified that the rental income from the commercial property is currently $1,240 per month. According to the report of the defendant's appraiser, Peter R. Marsele, the property was actually generating rental income of $19,080 per year as of July 1998, and has the potential of generating annual rental income of $35,550 per year. The $19,080 figure corresponds with the income reported by the wife on an amended 1997 Connecticut Income Tax Return. (Exhibit G)
The husband has provided money to his wife on more or less a monthly basis over the past two years. He sent her about $65,000 in 1997 and approximately $47,000 thus far in 1998. The plaintiff stated in his deposition that this money was the defendant's share of the profits from TecTron de Mexico. The wife's annual gross income from her teaching position is currently about $59,000 per year. (Exhibit D and Financial affidavit). The defendant wife also is vested in a retirement pension fund through the State of Connecticut Teachers' Retirement System. As of June 30, 1997, her balance in that fund was $104,480. Based upon that figure, if she were to retire on July 1, 2001 her retirement benefit will be $40,322.40 per year. (Exhibit B) As a teacher the defendant does not contribute to the social security CT Page 15164 fund and will not be entitled to social security benefits upon retirement. The defendant has an annuity with a current value of $5,415 and a savings account containing approximately $810.
The defendant has incurred attorney's fees relating to this action in the amount of $12,000 of which she has paid $6000. (Exhibit K). Additionally, the parties owe the Town of Manchester a balance of $10,500 for unpaid taxes on the 40 Briarwood Drive property.
The husband owns a modest house in Mexico for which he paid approximately $16,000. It is difficult to assess the husband's gross income from his company, TecTron de Mexico, as he has refused to provide the court with a financial statement as ordered. However, on their joint 1995 Federal Income Tax Return the husband reported "self employment earnings" from Mexico in the amount of $68,198. (Exhibit E) On the joint 1996 Federal Income Tax Return he reported wages from Mexico in the amount of $45,351. (Exhibit F). In his deposition the husband indicated that he earned approximately $52,000 per year. (Exhibit A, p. 24) From these figures the court finds that the total income derived from TecTron de Mexico by both parties has been equal to or greater than $100,000 per year.
Both parties have asked the court to transfer the defendant's interest in TecTron de Mexico to the plaintiff. The court finds that once that has been accomplished, the plaintiff's annual income will be at least $100,000 per year. There is no evidence from which the court can assess the value of TecTron de Mexico.
After considering all of the factors set forth in § 46b-62, § 46b-81, and § 46b-82 and applying those to the evidence the court enters the following orders:
1. A decree is entered dissolving the marriage of the parties on the ground of irretrievable breakdown, all of the allegations of the Cross Complaint having been proven.
2. The plaintiff is ordered to pay $3000 of the defendant's attorney's fees within 60 days of the date of this judgement. The husbands total lack of compliance with the orders of the court throughout the pendency of this case has resulted in both delays and an inability of counsel and the court to determine the extent of his financial status. Counsel for the defendant wife has been required to file numerous motions, to no avail, in an attempt to CT Page 15165 obtain information necessary to present her case. It is only equitable that the husband share in the expenses incurred as the result of his uncooperative, defiant conduct in this case.
3. The plaintiff is ordered to pay periodic alimony to the defendant in the amount of $1000 per month. Said alimony is modifiable based upon a substantial change in circumstances. The retirement of the defendant shall not be considered to be a substantial change in circumstances warranting an increase in alimony. The alimony shall terminate upon the death of either party or the remarriage of the defendant.
4. Title to the marital residence located at 40 Brierwood Drive, Manchester, Connecticut is assigned to the defendant and shall be transferred to her on the land records pursuant to the provisions of § 46b-81 of the General Statutes. With the exception of the order of the court regarding payment of back taxes, below, the defendant shall be responsible for all debts and obligations concerning said property, including the mortgage on the property. The defendant shall hold the plaintiff harmless from all other liabilities and obligations relative to this property.
5. The plaintiff husband is ordered to pay $5,250 of the property taxes owed to the Town of Manchester for the 40 Briarwood Drive residence within 60 days of the date of this judgement. That amount represents 1/2 of the total amount due and payable as of the date of trial.
6. Title to the commercial building located at 415-423 Main Street, Manchester, Connecticut is assigned to the defendant and shall be transferred to her on the land records pursuant to the provisions of § 46b-81 of the General Statutes. The defendant shall be responsible for all debts and obligations involving said property, including the mortgages and property taxes. She shall hold the plaintiff harmless from all liabilities and obligations relative to said property.
7. Upon satisfactory evidence that the plaintiff has paid in full $3,000 toward the defendant's attorney fees, and $5,250 for taxes owed to the Town of Manchester, as ordered above, the defendant shall transfer all of the rights, title and interest that she may have in TecTron de Mexico to the plaintiff and he shall hold the defendant harmless from any and all obligations and liabilities relative thereto. CT Page 15166
8. The defendant is assigned sole interest in her State of Connecticut Teacher Retirement Plan free of any claims of the plaintiff.
9. The defendant is assigned sole interest in her Mass. Financial Services Annuity and the First New England Federal Credit Union checking and savings accounts reflected in her financial affidavit dated December 10, 1998 free of any claims of the plaintiff.
10. The 1994 Subaru SUV and the 1995 Nissan Pathfinder motor vehicles are assigned to the defendant who shall hold the plaintiff harmless from any obligations and liabilities thereto.
11. Each party is assigned all personal property currently in his and her possession.
12. With the exception of the above order requiring the plaintiff to pay $5,250 of the taxes owed to the Town of Manchester, the defendant shall be solely responsible for all liabilities listed on her financial statement of December 10, 1998 as well as all other personal debts that she has incurred.
13. The plaintiff shall be solely responsible for all personal and business debts and liabilities that he has incurred.
14. The attorney for the defendant shall prepare a judgement file, and any other documents necessary to fulfill the above orders of the court, within 30 days of the date of this decision. Both counsel shall sign the judgement file.
The court shall retain jurisdiction over the marital assets until such time as the orders of the court have been fully satisfied.
Per order of the court:
Terence A. Sullivan Superior Court Judge